**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4600**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

MICHAEL ANTHONY BARRETT, JR.,

            Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:08-cr-00398-JAB-1)

Submitted:  January 25, 2010        Decided:  February 12, 2010

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Graham Tod Green, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Barrett, Jr., pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). He was found to be an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and U.S. Sentencing Guidelines Manual § 4B1.4 (2008), and was sentenced to 220 months' imprisonment. He now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Barrett's sentence is reasonable. Barrett has filed a pro se supplemental brief in which he asserts that his guilty plea was not knowingly and voluntarily made, that the district court committed procedural error in imposing his sentence, and that his counsel rendered ineffective assistance. We affirm.

Because Barrett did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Barrett's guilty plea and that the court's omissions did not affect Barrett's substantial rights. Critically, the transcript reveals that the district

2

court ensured the plea was supported by an independent factual basis and that Barrett entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to Barrett's sentence, we review it for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we must first examine the sentence for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. When "rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The district court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking

3

authority." Id. (internal quotation marks omitted). The district court, however, is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

If the sentence is free of procedural error, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

We conclude that the district court did not commit procedural or substantive error in sentencing Barrett. The district court properly calculated and treated as advisory the Guidelines' imprisonment range of 188 to 235 months. The court heard argument from the parties on the appropriate sentence and gave Barrett an opportunity to allocute. The court considered the relevant § 3553(a) factors, addressing on the record the nature and circumstances of the offense, Barrett's history and characteristics, and the need for the sentence to protect the public. Further, neither counsel nor Barrett offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence of 220 months' imprisonment is reasonable.

4

Finally, Barrett's claim that counsel rendered ineffective assistance is more appropriately considered in a post-conviction proceeding brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009), unless counsel's alleged deficiencies conclusively appear on the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Because we find no conclusive evidence on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal.

As required by Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Barrett, in writing, of the right to petition the Supreme Court of the United States for further review. If Barrett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barrett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5